[Civ. No. 2769. Second Appellate District, Division One.—January 30, 1920.]

## L. GOODMAN, Respondent, v. A. WILLIAMSON, Appellant.

[1] PAYMENT—DISHONORED CHECK—RIGHT TO RECOVER DEBT.—In the absence of express agreement so to do, payment of a debt, whether pre-existing or contemporaneous, by check which is dishonored will not discharge the debt, and, although a receipt is given, the creditor may sue to recover the debt.

[2] SALES—ACCEPTANCE OF CHECK IN PAYMENT—REFUSAL OF PAYMENT BY OTHER THAN BANK ON WHICH DRAWN—UNWARRANTED REPUDIATION OF CONTRACT.—Where a check given as part payment of the purchase price of certain hogs is accepted for the purpose given without objection by the vendor, and the maker thereof has sufficient funds to his credit in the bank on which it is drawn to pay the same, the fact that a bank other than the one on which it is drawn refuses to cash it will not warrant the vendor in repudiating the contract of sale and refusing to deliver the hogs.

---

1. Payment by commercial paper, note, 35 **L. R. A.** (N. S.) 1. When acceptance of check constitutes payment, note, 69 **Am. St. Rep.** 346.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. J. Emmons for Appellant.

E. A. Klein for Respondent.

SHAW, J.—On the fourteenth day of December, 1917, defendant, in Kern County, sold for delivery to plaintiff on or about December 17th, eighty-eight head of hogs of an average weight of 210 pounds, for the price of thirteen and one-half cents per pound, on account of the purchase of which and as part payment thereon plaintiff at the time paid to defendant by check on the American Savings Bank at Los Angeles the sum of one thousand dollars, which defendant without objection accepted for the purpose given. At all times plaintiff had sufficient funds to his credit in the bank on which the check was drawn to pay the same. Defendant, however, without presenting or causing it to be presented for payment to the American Savings Bank, where concededly it would have been honored, presented it to a bank at Bakersfield, and upon its refusal to pay the money thereon he repudiated the contract of sale and refused to deliver the hogs in accordance with his agreement. Thereupon plaintiff brought this action for breach of the contract, in which the court found that defendant made the contract of sale upon which plaintiff had paid him on account of the purchase price the sum of one thousand dollars, which check, without collection, defendant retained until lost or destroyed; that plaintiff was ready, able, and willing to fulfill his part of the contract, but that defendant refused to perform the same on his part, as a result of which plaintiff was damaged in the sum of $440, for which judgment was entered against defendant and from which he appeals.

The evidence tended to show that the total weight of the hogs was 18,480 pounds, the value of which was sixteen cents per pound, and hence the damage as found by the court, under section 3308 of the Civil Code, was two and one-half cents per pound, from which it is apparent the

court did not err in its finding as to the amount of damage sustained by plaintiff on account of defendant's breach of the contract.

Appellant's chief contention is that the check was taken merely for collection and, therefore, could not be deemed payment, and notwithstanding the fact that it was concededly good and would have been paid upon presentation to the bank upon which it was drawn, he insists that when the First National Bank of Bakersfield refused to give him the cash thereon he was entitled to repudiate the contract. [1] It is quite true, as claimed by appellant, that in the absence of express agreement so to do, payment of a debt, whether pro-existing or contemporaneous, by check which is dishonored will not discharge the debt, and that, although a receipt is given, the creditor may sue to recover the debt; but such facts do not exist in the instant case. On the contrary, the check was not dishonored; it was concededly good and, as appears from the evidence, would have been paid upon presentation to the bank upon which it was drawn. [2] Counsel for appellant cites no authorities or principle of law, and we know of none, supporting his assertion that the mere fact that a bank other than the one upon which the check was drawn refused to cash it warranted defendant in repudiating the contract and refusing to comply with its terms. Defendant having accepted the check without objection, plaintiff was entitled to rely upon the fact that he would in the usual course of business present the same for payment, upon which, under the circumstances shown and unless dishonored, his obligation upon the contract was precisely the same as though he had received the thousand dollars in cash. No ground exists for the claim that the check was received by defendant as an agency for its collection.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.